SUMMARY ORDER
Plaintiff-appellant John Pleau appeals from a judgment of the district court, entered on September 25, 2008, granting defendant-appellee Centrix, Inc.’s motion to dismiss his claim of marital status discrimination under the Connecticut Fair Employment Practices Act (CFEPA), Conn. GemStat. § 46a-60 et seq., and granting defendant’s motion for summary judgment on his claims of age discrimination under the Age Disciimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq., and the CFEPA. We assume the parties’ familiarity with the facts of the case, its procedural history, and the issues on appeal.
I. Plaintiffs Marital Status Discrimination Claim
We review the grant of a motion to dismiss de novo, considering the legal sufficiency of the complaint, taking its factual allegations to be true, and drawing all reasonable inferences in the plaintiffs favor. City of New York v. Beretta U.S.A. Corp., 524 F.3d 384, 392 (2d Cir.2008), cert. denied, — U.S.-, 129 S.Ct. 1579, 173 L.Ed.2d 675 (2009). “To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to ‘state a claim to relief that is plausible on its face.’ ” Ashcroft v. Iqbal, — - U.S. -, -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).
The CFEPA prohibits employment discrimination “because of the individual’s ... marital status.” Conn. Gen.Stat. § 46a-60(a)(2). Where, as here, the plaintiff is a married individual bringing a marital status discrimination claim under the CFEPA, the parties agree that the plaintiff must show an adverse employment action was taken because the plaintiff is married, not because of the person to whom the plaintiff is married. Cf. McNamara v. Tournament Players Club of Conn., Inc., 270 Conn. 179, 189, 851 A.2d 1154 (2004) (noting that the plaintiff conceded “ ‘the general law on marital status ... talk[s] about ... if someone’s discriminated because they’re married ... it’s not because of who you’re married to’” (alteration in original)). Although defendant appears to have terminated plaintiff due to the specific identity of plaintiffs spouse, plaintiff argues that his claim survives as a marital status stereotyping claim because “[t]he reason advanced by the defendant for terminating the plaintiffs employment ... is tied to the defendant’s unfair presumption that a married individual would not be able *687 to separate the termination of his spouse, who worked for the same employer, from his responsibilities to his employer.” Br. of Pl.-Appellant 23.
There is no Connecticut case law that specifically addresses the viability of a marital status stereotyping claim. CFE-PA claims are evaluated using the same framework as Title VII claims. See Brittell v. Dep’t of Corr., 247 Conn. 148, 164, 717 A.2d 1254 (1998) (“Although the language of [Title VII] and that of [CFEPA] differ slightly, it is clear that the intent of the legislature ... was to make the Connecticut statute coextensive with the federal [statute].” (Quotation marks omitted) (last alteration in original)). Unlawful stereotyping can give rise to Title VII liability. See, e.g., Dawson v. Bumble & Bumble, 398 F.3d 211, 220-21 (2d Cir.2005) (recognizing that Title VII liability can result from an employer’s disparate treatment of a person on the basis of gender stereotyping). But even assuming a marital status stereotyping claim may be raised under the CFEPA, plaintiffs complaint would fail to state such a claim. Plaintiff alleges that he was treated differently from other employees, both married and unmarried, based on the personal relationship with his wife and the impact defendant anticipated that plaintiffs wife’s termination would have on his future work performance. Though the soundness of defendant’s conclusion that plaintiff would no longer be able to perform effectively after his wife’s termination may be questionable, it does not imply an unlawful stereotype about married individuals as compared with those who are single, divorced, or widowed. Accordingly, plaintiffs marital status discrimination claim is without merit.
II. Plaintiffs Age Discrimination Claim
We review a grant of summary judgment de novo and affirm only if the record, viewed in the light most favorable to the non-moving party and drawing all reasonable inferences in favor of the non-moving party, reveals no genuine issue of material fact. See Fed.R.Civ.P. 56©; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Oilman v. Special Bd. of Adjustment No. 1063, 527 F.3d 239, 245 (2d Cir.2008). We have found that the framework for evaluating employment discrimination claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), also applies to ADEA claims. See Roge v. NYP Holdings, Inc., 257 F.3d 164, 168 (2d Cir.2001).
We agree with the district court that plaintiff met his “minimal” burden of proving a prima facie case of age discrimination. Byrnie v. Town of Cromwell, 243 F.3d 93, 101 (2d Cir.2001). There is no dispute that defendant offered a legitimate, non-discriminatory reason by stating that plaintiff was terminated because of defendant’s concern that plaintiff would no longer perform effectively after the termination of his wife. The question then is whether “the evidence, taken as a whole, is sufficient to support a reasonable inference that prohibited discrimination occurred.” James v. N.Y. Racing Ass’n, 233 F.3d 149, 156 (2d Cir.2000). The Supreme Court has held that “a prima facie case and sufficient evidence to reject the employer’s explanation may permit a finding of liability,” and that it is error to “proceed[ ] from the premise that a plaintiff must always introduce additional, independent evidence of discrimination.” Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 149, 120 S.Ct. 2097,147 L.Ed.2d 105 (2000); see also Zimmermann v. Assocs. First Capital Corp., 251 F.3d 376, 381 (2d Cir.2001) (“[Evidence showing that a proffered explanation was pretextual is neither always *688 to be deemed sufficient, nor always to be deemed insufficient.” (citation omitted)).
The record in this case is insufficient to support the conclusion that plaintiffs termination was motivated by age discrimination. Statistics may provide circumstantial evidence of age discrimination, see Stratton v. Dep’t for the Aging, 132 F.3d 869, 877 (2d Cir.1997), and plaintiff presents evidence showing a reduction in the number of employees over 40 years old from a total of 76 in January 2005, when plaintiff was terminated, to 68 employees in August 2005. But apart from the terminations of plaintiff, his wife, and a third employee named Jezierny, there is no evidence in the record regarding the circumstances under which the remaining five employees over 40 years old that left defendant’s employ between January and August 2005. We have “cautioned against attributing much if any significance to the fact that another member of the protected class was discharged along with the plaintiff.” Zimmermann, 251 F.3d at 382. Accordingly, the statistical evidence that plaintiff presents has little probative value.
In an effort to show defendant’s reason was pretextual, plaintiff contends that defendant offered inconsistent explanations for the termination. See Carlton v. Mystic Tramp., Inc., 202 F.3d 129, 137 (2d Cir. 2000) (stating that inconsistent explanations for a termination decision may suggest discriminatory motive). Defendant wrote on plaintiffs Termination Report that the reason for termination was the concern that plaintiff would not perform effectively after his wife’s termination, but wrote in the Unemployment Notice that the termination was made due to “professional differences.” Even assuming, ar-guendo, that these explanations are inconsistent, our examination of the record as a whole leads us to conclude that plaintiff could not “satisfy his ‘ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff.’ ” Schnabel v. Abramson, 232 F.3d 83, 90 (2d Cir.2000) (quoting Reeves, 530 U.S. at 143, 120 S.Ct. 2097). Plaintiff also contends that the evaluation of his work performance contained in his Termination Report was falsified, that the alleged falsification is apparent because he had received a positive performance evaluation of his work performance nine months earlier, and this alleged falsification undermines the Termination Report in its entirety. These allegations are irrelevant to our pretext inquiry, however, because defendant has not cited plaintiff’s job performance as a basis for termination. Plaintiffs attacks on the Termination Report, therefore, are not enough to enable plaintiff to carry his “ultimate burden” of providing “evidence upon which a reasonable trier of fact could base the conclusion that age was a determinative factor in defendants’ decision to fire him.” Id. at 91.
For the foregoing reasons, the judgment of the district court is AFFIRMED.